* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Harris with minor modifications. *Page 2 
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. The carrier on the risk for defendant is Forestry Mutual Insurance Company.
3. Defendant is uninsured.
4. Plaintiff's average weekly wage will be determined by the Deputy Commissioner by information provided by plaintiff and/or defendants.
5. The issues for determination before the deputy commissioner were: Does the NCIC have jurisdiction? Was Plaintiff an employee of Defendant Marty Spruill or Bobby Phelps Logging Company d/b/a B. M. Phelps, Inc.? Was Plaintiff injured by accident while in the scope of his employment on or about November 24, 2004 as defined by N.C. Gen. Stat. § 97-2(6)? What benefits is Plaintiff entitled to? Is Plaintiff entitled to ongoing medical treatment for injuries sustained in the alleged accident? Is Plaintiff entitled to have his medical bills paid? Is Plaintiff entitled to reasonable attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 and Rule 802? Whether there was ever an employment relationship between Plaintiff and Defendant Bobby Phelps? Whether Defendant Marty Spruill was an independent contractor of Milton Bryant? Whether Plaintiff was an employee of Defendant Marty Spruill? What party is liable for Plaintiff's injuries? What penalties, if any, are to be assessed pursuant to N.C. Gen. Stat. § 97-94?
 * * * * * * * * * * *
Based upon all the competent evidence from the record, the Full Commission finds as follows: *Page 3 
 FINDINGS OF FACT
1. Defendant Marty Spruill started his own logging business in 2003 with only one full-time employee named Erskine McClees. Mr. Spruill often utilized the services of others in his business, including Plaintiff, who he paid on an hourly basis. At the time of Plaintiff's injury, Mr. Spruill was engaged in a logging business that he independently owned and operated.
2. Prior to November 24, 2004, Mr. Spruill was contacted by Bobby Phelps, the owner of Defendant B. M. Phelps, Inc., who inquired as to whether Mr. Spruill would be interested in logging the timber located on a tract of land that was part of the Estate of Charlie Spruill. Mr. Phelps had been contacted about logging the tract for the estate, but was too busy and referred it to Mr. Spruill.
3. Mr. Spruill agreed to log the timber located on the tract of land that was part of the Estate of Charlie Spruill. Mr. Phelps said the job never got finished before the time to take the timber ran out. The owner then sold the land with the timber still standing and neither Mr. Spruill nor Mr. Phelps were penalized for failing to get the timber cut.
4. Mr. Spruill had his own business and was not in the regular employ of defendant B. M. Phelps, Inc. at the time of plaintiff's injury. Mr. Phelps and Mr. Spruill verbally agreed that Mr. Spruill's compensation for logging the timber on that tract of land was to be based on the grade assigned to the timber by the mills, as well as the quantity of the timber delivered to the mills. Mr. Spruill would not be compensated on an hourly basis. Mr. Phelps was to be paid directly by the mills for the loads of timber that Mr. Spruill delivered to the mills from that tract of land. Once the timber had been graded by and delivered to the mills, Mr. Phelps was to pay Mr. Spruill based on the timber delivered to the mill. *Page 4 
5. Neither Mr. Phelps, nor any other person associated with defendant B. M. Phelps, Inc. directed the manner in which Mr. Spruill performed the logging operation on that tract of land. Mr. Spruill used his own special knowledge, skill, and training in performing the logging operation and had full autonomy to select the trees that were to be cut, the method used to cut the timber, and when the timber was cut on the property. Additionally, a surveyor had previously marked the tract of land boundaries prior to the time Mr. Spruill began logging. As a consequence, neither Mr. Phelps, nor any person associated with defendant B. M. Phelps, Inc., had to direct Mr. Spruill as to where the boundaries for the tract of land were located. Mr. Phelps only visited the tract of land one time during the logging operation after he was requested to do so by Mr. Spruill. On that occasion, Mr. Spruill called Mr. Phelps to the job site to ask his advice on the grades being assigned to the logs by the mills. Other than being asked his advice on one occasion with respect to the grades being assigned to the timber, Mr. Phelps had no other involvement with the logging on that tract of land.
6. Mr. Spruill was not subject to discharge by defendant B. M. Phelps, Inc. because he adopted one method of cutting the timber versus another, was free to select the time in which he cut the timber, the timber to be cut, and the method to be employed when cutting the timber, and there was no recourse that could be taken against Mr. Spruill by defendant B.M. Phelps, Inc. in the event Mr. Spruill failed to cut the timber on that tract of land.
7. Mr. Spruill was not required to be there at any particular time, or for a set number of hours each day. Mr. Spruill could come and go in his discretion.
8. Mr. Spruill was free to use whatever assistance he felt was needed to perform the logging operation, including employing other persons such as plaintiff, whom Mr. Spruill was to pay, and utilizing equipment which he was responsible for coordinating and either purchasing or *Page 5 
leasing. The loader, saws, and tractor used in the logging operation at issue in this case were owned and controlled by Mr. Spruill and he arranged for and paid Tony Tarkington to haul all of the equipment to the job site. Mr. Spruill handled any and all repairs to the equipment used in performing the logging operation.
9. Mr. Spruill used the same trucking company that defendant B. M. Phelps, Inc. used in its logging operation. The trucks would generally arrive at Mr. Spruill's job site early in the morning prior to going to the job site on which Defendant B. M. Phelps, Inc. was performing logging operations. Mr. Spruill was responsible for coordinating with the truck drivers to come and pick up timber. Defendant B. M. Phelps, Inc. was not involved in any way in coordinating transportation of timber from the tract of land at issue in this case. Mr. Spruill paid the truck drivers for hauling his timber to the timber mills.
10. On November 24, 2004, the date of plaintiff's injury, Mr. Spruill, Erskine McClees, and plaintiff were working logging timber. Plaintiff's duties included cutting limbs off tress and the tops out of trees that were already on the ground. Mr. Spruill paid Plaintiff $10.00 per hour for his services. Mr. Spruill picked plaintiff up from his house on November 24, 2004 and carried plaintiff to the job site. Shortly after arriving, Mr. Spruill had to leave to go and retrieve a part for some of the equipment being used in the logging. Mr. Spruill told them not to do anything until he returned. When Mr. Spruill returned, he was informed of plaintiff's injury.
11. Due to the injuries he sustained, plaintiff has no recollection of how the injury occurred. Plaintiff's only recollection is being in the hospital with a head, neck, and back injury.
12. Plaintiff testified that in addition to himself and Mr. McClees, a Thomas Combs worked for Mr. Spruill also. Mr. Spruill testified *Page 6 
that he had loaned money to Mr. Combs in the past and that Mr. Combs would occasionally assist him to pay off the loan. Mr. Spruill testified that he was not aware of Mr. Combs ever working at the same time plaintiff worked. Mr. Combs was not a regular employee for Mr. Spruill. Mr. Phelps testified that Mr. Spruill only had one employee, Mr. McClees, when he first started the job that is subject of this claim.
13. There is no competent evidence that Mr. Spruill regularly employed three or more employees.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. At the time of his injury, plaintiff was employed by defendant Marty Spruill. N.C. Gen. Stat. § 97-2.
2. Defendant Marty Spruill did not have three or more regular employees and is not subject to the Act. N.C. Gen. Stat. § 97-2.
3. At the time of Plaintiff's injury, defendant Marty Spruill was acting as an independent contractor of defendant B. M. Phelps, Inc., and not a subcontractor. Therefore, defendant B. M. Phelps, Inc. was not required to maintain workers' compensation coverage for defendant Marty Spruill's employees. N.C. Gen. Stat. § 97-19.
4. Defendant B. M. Phelps, Inc. was not the statutory employer of plaintiff on the date of plaintiff's injury. N.C. Gen. Stat. § 97-19.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD 1. Plaintiff's claim is hereby DENIED. *Page 7 
2. Based on the conclusion that defendant Marty Spruill is not subject to the Act, no penalties are assessed in PH-1299.
3. The parties shall pay their own costs.
This the 19th day of April 2007.
 S/_________________ BUCK LATTIMORE CHAIRMAN
CONCURRING: S/_________________ LAURA K. MAVRETIC COMMISSIONER
 S/_________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1